1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11   BARRY FRANK WILSON,              Case No. 1:13-cv-01202-LJO-SKO-HC

12           Petitioner,            FINDINGS AND RECOMMENDATIONS TO
                                    DISMISS THE PETITION FOR WRIT OF
13                                  HABEAS CORPUS AND MANDAMUS FOR LACK
                                    OF SUBJECT MATTER JURISDICTION
14        v.                        (DOC. 1), DECLINE TO ISSUE A
                                    CERTIFICATE OF APPEALABILITY, AND
15   SUPERIOR COURT OF CALIFORNIA,  DIRECT THE CLERK TO CLOSE THE CASE
     TUOLUMNE COUNTY,
16           Respondent.            **OBJECTIONS DEADLINE:  30 DAYS**

17

18        Petitioner is a state prisoner proceeding pro se with a

19   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

20   The matter has been referred to the Magistrate Judge pursuant to 28

21   U.S.C. § 636(b)(1) and Local Rules 302 through 304.  Pending before

22   the Court is the petition, which was filed on August 1, 2013.

23        I.   Screening the Petition

24        Rule 4 of the Rules Governing § 2254 Cases in the United States

25   District Courts (Habeas Rules) requires the Court to make a

26   preliminary review of each petition for writ of habeas corpus. The

27   Court must summarily dismiss a petition "[i]f it plainly appears

28   from the petition and any attached exhibits that the petitioner is

                                    1

not entitled to relief in the district court...."  Habeas Rule 4;
O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule
2(c) requires that a petition 1) specify all grounds of relief
available to the Petitioner; 2) state the facts supporting each
ground; and 3) state the relief requested.  Notice pleading is not
sufficient; the petition must state facts that point to a real
possibility of constitutional error.  Rule 4, Advisory Committee
Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting
Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in
a petition that are vague, conclusory, or palpably incredible are
subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at
491.

The Court may dismiss a petition for writ of habeas corpus
either on its own motion under Habeas Rule 4, pursuant to the
respondent's motion to dismiss, or after an answer to the petition
has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976
Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.
2001).  A petition for habeas corpus, however, should not be
dismissed without leave to amend unless it appears that no tenable
claim for relief can be pleaded were such leave granted.  Jarvis v.
Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner appears to be out of custody because his
address is a private post office box.  Petitioner's allegations and
the documents submitted with the petition establish that in a
traffic proceeding in the Respondent Superior Court of the State of
California, County of Tuolumne, Petitioner is facing a traffic fine
of $229 for a traffic violation relating to Cal. Veh. Code §

21460(a), which prohibits driving a vehicle to the left of double parallel solid yellow lines on a roadway.  Petitioner contends his rights to due process of law and other, unspecified constitutional rights are violated by the traffic proceeding because the state court lacks jurisdiction under state law and because the golden-fringed flag flown by the Respondent Court renders it a military court.  Petitioner asks this this Court to order the state trial court to quash his summons to court and dismiss the traffic proceeding against Petitioner.

II.   Absence of Custody

A district court has subject matter jurisdiction to entertain a petition for a writ of habeas corpus only if the petitioner is "in custody" within the meaning of the habeas corpus statute at the time the petition is filed.  28 U.S.C. §§ 2241(c)(3) and 2254(a). "Custody" is not limited to actual physical incarceration; a petitioner is in "custody" if he is subject to restraints not shared by the public generally.  Jones v. Cunningham, 371 U.S. 236, 243 (1963).

A petitioner must be in custody with respect to the conviction he attacks; once a sentence is fully served, even if the conviction may affect the length or conditions of a sentence to be imposed in the future, the prisoner is not "in custody" within the meaning of 28 U.S.C. §§ 2241(c) or 2254(a).  See Maleng v. Cook, 490 U.S. 488, 490-492 (1989).  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

3

"Custody" for purposes of 28 U.S.C. § 2254 does not include a fine or possibility of a fine because a fine is not a severe or immediate restraint on the petitioner's liberty.  Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (court did not have jurisdiction over a challenge to a restitution order because custody was absent); Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (collecting cases); Edmunds v. Won Bae Chang, 509 F.2d 39, 40-41 (9th Cir. 1975) (quoting Hensley v. Municipal Court, 411 U.S. 345 (1973) (state court's order to pay a $25 fine without any sentence of confinement did not constitute custody due to a lack of imminence of any possibility of custody), cert. den., 423 U.S. 825 (1975); Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987) (per curiam) (lawyer's noncompliance with a "fine only" sentence that raised the threat of possible imminent was insufficient to confer habeas jurisdiction).

Because district courts do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a fine, the petition must be dismissed.  Bailey v. Hill, 599 F.3d 976, 984.

III.   Absence of Mandamus Jurisdiction

Although the petition is somewhat unclear, to the extent Petitioner seeks this Court to issue an order in the nature of mandamus to a state court official, Petitioner has not alleged facts to establish this Court's jurisdiction.

Title 28 U.S.C. § 1361 confers upon the district courts original jurisdiction of any action in the nature of mandamus, but it is limited to mandamus "to compel an officer or employee of the United States or any agency thereof" to perform a duty owed to the petitioner.  28 U.S.C. § 1361.

4

Further, although 28 U.S.C. § 1651 states that all courts established by Act of Congress "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the courts lack subject matter jurisdiction to issue a writ of mandamus to a state employee.  See, Demos v. United States District Court for the E. Dist. of Wash., 925 F.2d 1160, 1161-62 (9th Cir. 1991) (state court).

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  A court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among

jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, an applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.  Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right; thus, no certificate of appealability should issue.

V.  Recommendations

In accordance with the foregoing, it is RECOMMENDED that:

1) The petition for writ of habeas corpus and mandamus be DISMISSED without prejudice for lack of subject matter jurisdiction;

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the case because dismissal will terminate the case in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and

6

filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

   Dated:   **November 10, 2013**            **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

7